# Exhibit B

SUPREME COURT
COUNTY OF ERIE : STATE OF NEW YORK

Mariette Marzo                                          Index No.: 800655/2014

           Plaintiff,                              **SUMMONS**

vs.

Credit Protection Association, LP

           Defendant(s).

---

To the above-named Defendant(s):

You are hereby summoned and required to serve upon Plaintiff's attorney an answer to the Complaint in this action within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of the venue designed is the Erie County, New York residence of the Plaintiff.

DATED: January 19, 2014

                                                /s/: Jason A. Shear
                                                Jason A. Shear, Esq.
                                                Law Offices of Jason A. Shear
                                                jshear@jasonshearlaw.com
                                                *Attorneys for the Plaintiff*
                                                561 Ridge Road
                                                Lackawanna, New York 14218
                                                Phone: (716) 566-8988

TO:    Credit Protection Association, LP
         13355 Noel Road, 21st Floor
         Dallas, Texas 75240

SUPREME COURT
COUNTY OF ERIE : STATE OF NEW YORK

Mariette Marzo                                               Index No.: 800655/2014

                  Plaintiff,                                  **COMPLAINT**

vs.

Credit Protection Association, LP

                  Defendant(s).

---

### *INTRODUCTION*

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. A claim is also brought under New York General Business Law § 349(a), which prohibits deception "in the conduct of any business, trade, or commerce."

### *JURISDICTION AND VENUE*

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d). Declaratory relief is available pursuant to 28 U.S.C. § 2201 and § 2202.

4. Venue is proper in that Plaintiff resides in Erie County, State of New York, and such residence is within the jurisdiction of this Court.

1

5. Venue in this Court is proper in that Defendant transacts business here and the conduct complained of occurred here. Therefore, Jurisdiction is proper under New York's Long-Arm Statute.

6. Venue is proper because Defendant committed a tort in Erie County, New York.

7. Venue is proper because State and Federal Courts have concurrent jurisdiction over civil actions brought under 15 U.S.C. § 1692.

8. Based on the above, jurisdiction is proper because State and Federal Courts have concurrent jurisdiction over private civil actions under the FDCPA.

## *PARTIES*

9. Plaintiff, Mariette Marzo (hereinafter referred to as "Plaintiff" or "Marzo"), is a natural person residing in Erie County, State of New York.

10. Defendant, Credit Protection Association, LP (hereinafter referred to as "Defendant" or "CPA"), is a corporation which engages in the collection of consumer debts, with an address at 13355 Noel Road, 21st Floor, Dallas, Texas 75240.

11. Defendant is engaged in the collection of debts from consumers using the mail and telephone.

12. Defendant regularly attempts to collect consumer debts alleged to be due another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

13. All references to "Defendants" or "Defendant" herein shall mean the Defendant or an employee(s) or agent(s) attorney(s) or principal(s) of the Defendant.

## *BACKGROUND*

14. Within the last year, Defendant has been engaging in the collection of a consumer debt.

15. Plaintiff, Mariette Marzo, allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

16. The account was a consumer debt as defined by 15 U.S.C. § 1692.

17. Specifically, Defendant contacted Plaintiff via text about an alleged Time Warner Cable bill seeking a balance of $84.39.

18. Said text was Defendant's initial communication with Marzo.

19. In response to the text Marzo received from CPA, Plaintiff called Defendant CPA to dispute the debt and to ask CPA to send her the validation notice.

20. Instead of sending the required validation notice, Defendant called Marzo later that evening.

21. As a follow-up to the telephone call, Defendant -- within a four-day time period and instead of sending the required validation notice -- sent two (2) deceptive and threatening demand letters to Plaintiff Marzo.

22. Said telephone call was a violation under the FDCPA because Defendant was attempting to deter Marzo from exercising her rights to debt verification.

23. Said demand letters were also a violation under the FDCPA because Defendant, instead of sending debt verification as required, forwarded multiple correspondences containing misleading and threatening information regarding false credit reporting and the effects thereof.

24. Defendant violated the FDCPA by **not** sending Marzo the required Verification Rights Notice within five (5) days of the initial communication.

25. Additionally, Defendant reported the account to the Credit Reporting Agencies (hereafter "CRAs") and did not report the debt as being disputed.

26. A debt collector is required to report a debt as disputed if it has reason to know the subject debt is disputed by the consumer. Plaintiff Marzo disputed the debt during the first telephone conversation with Defendant CPA.

## *FACTUAL ALLEGATIONS*

27. In response to the text Marzo received from CPA, Plaintiff called Defendant to ask for validation of the alleged debt and to inform Defendant that she does not owe the alleged account.

28. Instead of sending the required notice, Defendant called Marzo later that evening in an additional attempt to collect the alleged debt.

29. Said call was an attempt to distract and deter Marzo from exercising her verification rights.

30. Shortly thereafter, instead of sending the required Validation Notice, Defendant sent Marzo a Collection Notice dated November 21, 2013. Said notice stated, "Thank you for your recent inquiry regarding your credit report. Credit Protection Association has reported this account to all three national credit bureaus on behalf of our client, TIME WARNER CABLE – CAROLINAS."

31. The statement, "Thank you for your recent inquiry..." confirms CPA's contact with Marzo and therefore CPA cannot deny that they had no notice of Marzo's account dispute.

32. Rather than inform the CRAs that the alleged account was disputed, CRA sent this intimidating notice to Marzo, thereby threatening to harm her credit if she did not pay them on said disputed account. Said letter was Defendant's attempt to pressure and coerce Marzo into paying a disputed account.

33. Said correspondence was in violation of the FDCPA.

34. Later, instead of forwarding a Verification Notice, CPA sent yet another intimidating letter dated November 25, 2013 (only four (4) days later) to Marzo threatening to damage her credit if she did not pay said account.

35. To elaborate, said letter stated, "This information will have a serious impact on your credit nationwide and may prevent you from obtaining credit for as long as seven (7) years."

36. Said language is dubious and deceptive. Plaintiff was deeply concerned and anxious that, if she did not pay the disputed account, then she may be unable to obtain credit. By using the language "**will** have a serious impact" -- not even saying **may** have a serious impact -- Defendant was again trying to pressure and intimidate Plaintiff, via correspondence, to pay a debt on a disputed account.

37. It is especially deceptive and misleading for CPA to state that nonpayment of the alleged $84.39 would indeed have a "serious impact" on Marzo's credit report. Not only is CPA not the CRAs, but they also have no authorization or knowledge to make such a statement regarding the end results Marzo's credit reports would receive based on nonpayment of the alleged debt.

38. After reading this latter correspondence, Plaintiff truly became extremely anxious, worried, and stressed out that if she did not pay the disputed account her credit would be ruined. Said statement was dubious and deceptive under the FDCPA's least sophisticated consumer standard.

39. Such deceptive actions are in violation of the FDCPA.

40. CRA engaged in contact with Plaintiff via text, telephone and correspondence and did not send Plaintiff Marzo the required 30-day validation notice within five (5) days of the initial text message. These actions were in violation of the FDCPA.

41. Defendant CPA, during its initial communication with the CRAs, was required to inform CRAs that the alleged debt was disputed.

42. By engaging in false credit reporting, CRA was trying, via yet another differing means, to scare and coerce Marzo into paying an unowed debt. Due to said false credit reporting, Plaintiff also violated 15 U.S.C. § 1692e(8).

43. When Defendant sent the text to Plaintiff, she worried that she would incur additional charges to her cell phone bill due to Defendant sending unauthorized texts.

44. Causing an expense to a consumer in order to convey a message is also in violation of the FDCPA.

45. Based on these aforementioned actions and the continual dubious and unlawful tactics of Defendant to collect on an unowed debt, Plaintiff suffered a great deal of emotional distress, nausea, stress, anxiety and loss of sleep.

## *FIRST CLAIM FOR RELIEF UNDER 15 U.S.C. § 1692*

46. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs One (1) through Forty-Five (45) above.

47. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

48. Defendant violated 15 U.S.C. § 1692e(8) by communicating credit information which is known to be false.

49. Defendant violated 15 U.S.C. § 1692 by using false representations and deceptive means to collect a debt.

50. Defendant violated 15 U.S.C § 1692g(b) by not ceasing collection efforts until the debt was verified.

51. Defendant violated 15 U.S.C. § 1692e(2)(a) by misrepresenting the legal status of an alleged debt.

52. Defendant violated 15 U.S.C § 1692e by deterring Plaintiff from seeking a defense to Defendant's collection actions.

53. Defendant violation 15 U.S.C § 1692g(a) by not sending Plaintiff the required Verification Rights Notice.

### SECOND CLAIM FOR RELIEF UNDER N.Y. GEN. BUS. LAW § 349

54. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs One (1) through Fifty-Three (53) above.

55. New York GBL § 349 proscribes "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state."

56. GBL provides that "any person who has been injured by reason of any violation of [their respective] section[s] may bring an action in his own name to enjoin such unlawful act or practice" as well as to obtain actual damages, or fifty dollars, whichever is greater.

57. As set forth hereinbefore, Defendant has engaged in deceptive acts and practices within the meaning of GBL section 349: namely, engaging in a practice of not sending Verification Rights Notices to consumers after initial contact has been made with the consumers and failing to report a debt as disputed to the Credit Reporting Agencies when Defendant has reason to know the subject debt is disputed by the consumer.

58. By virtue of the harmful results of its activities, Defendant's actions, as set forth hereinbefore, have caused both consumer injury and harm to the public interest.

59. As set forth hereinbefore, as a result of Defendant's violation of GBL section 349, Plaintiff was economically harmed to her detriment, and is entitled either to actual damages in an

amount to be shown according to proof, or alternatively and together with Defendant, to damages in amount of $50.00 pursuant to GBL section 349(h), whichever is greater.

**WHEREFORE**, Plaintiff, Mariette Marzo, respectfully requests that judgment be entered against Defendant, Credit Protection Association, LP for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Cost and reasonable attorney fees pursuant to 15 U.S.C. § 1692k;

E. Damages pursuant to NY GBL § 349;

F. Attorney fees pursuant to NY GBL § 349;

G. Punitive damages to be determined by the Court.

H. For such other and further relief as the Court may deem just and proper.

Dated: January 19, 2014
      Buffalo, New York

/s/: Jason A. Shear
Law Offices of Jason A. Shear
Jason A. Shear, Esq.
E-mail: jshear@jasonshearlaw.com
*Attorneys for Plaintiff*
561 Ridge Road
Lackawanna, New York 14218
Phone: (716) 566-8988
Fax: (716) 822-0009

```
C2AD160                                                          Date : 02-05-2014
                                                                 Time : 16:11:00
Client: 07 - 027097 TIME WARNER CABLE - CAROLINAS  Mult: 810 Setup: 06-13-2012
Acct:         202176341603 - 00      Numb Debts:  1        CPA Ref: 1737837997
Name: MARIETTE   MARZO               Status Cd : SEC        Location: ACTIVE
Firm:                                Source Cd :            Notes: Y  CSR: 47
Bill: 23 APSEN COURT NO.3            For Name..:
Addr:                                Phone #...:( 716 ) 515 - 8832  Invalid:
CSZ : BUFFALO          NY 14226      SS Number : 109666394          Integrated:
Addr Chg:     Bad Addr Dt:           DL Number : 89  /50  /106      ERS Code:
Orig: 23 APSEN COURT NO.3                                           AIM Acct:
Arig:                                                 Original    Current
CSZ : BUFFALO          NY 14226      Item Cnt:
Submit Dte: 07-08-2013  Hold Dte....:             Item Amt:       .00        .00
Closed Dte: 01-07-2014  Wait Dte....: 11-25-2013  Serv Amt:     84.39      84.39
Letter #..:       4106  Spec Ltr #..:             Coll Fee:       .00        .00
Letter Dte: 11-25-2013  Spec Ltr Dte:             Subm Amt:     84.39      84.39
Strategy #:         26  Disc Dte....: 11-27-2012  Retn Chg:       .00        .00
Strategy Line:    0060  # of Letters Sent:  4     Paid Amt:                  .00
Cr Bureau Approved:  D                            Balance :                  .00

Command:
```

```
C2AD180                                                           Date: 02-05-2014
                                                                  Time: 16:11:07
Bustype/Client: 07   027097    TIME WARNER CABLE - CAROLINAS
Acct:      202176341603   - 00       CPA Ref:  1737837997
Name: MARIETTE   MARZO                Firm:
                                                 Lettr        Pmt
   Date      CD ------------ Description -------------- Nbr  --Amt-- Type User Src
 01-07-2014     DELETED FROM CB                                                UPD
 01-07-2014   D DEBT FORWARDED TO A SECONDARY AGENCY     S                     TAP
 11-25-2013     SENT LETTER NUMBER                       4106            1003 SRT
 11-21-2013     SENT SPECIAL REQUEST LETTER NUMBER       6137            1003 LTR
 10-14-2013     SENT TEXT MESSAGE                        3888            1003 SRT
 10-14-2013     DEBTOR EXTRACTED FOR CALL                3859            1003 SRT
 09-19-2013     SENT TO CB                               Y               1003 SRT
 09-09-2013     DEBTOR EXTRACTED FOR CALL                3840            1003 SRT
 09-03-2013     SENT LETTER NUMBER                       4204            1003 SRT
 08-05-2013     DEBTOR EXTRACTED FOR CALL                3838            1003 SRT
 07-26-2013     SENT LETTER NUMBER                       0102            1003 SRT
 07-11-2013     DEBTOR EXTRACTED FOR CALL                3841            1003 SRT
 07-11-2013     SENT LETTER NUMBER                       0101            1003 SRT

Command
```

```
CPAD190                                                                Date: 02-05-2014
CPA Reference : 1737837997                                             Time: 16:11:16
Bustype/Client: 07 - 027097 TIME WARNER CABLE - CAROLINAS Service Bal:      84.39
Acct:         202176341603 - 00   Name: MARIETTE       MARZO
---------------------------------Notes---------------------------------
Note:    3    Date: 01-31-2014   Time: 14:25:36   User: CR33    Term: LV12
RCVD MAIL/ FWD COURT DOCUMENTS TO LEGAL
   CB DEL REQUEST TO MRICKS // SEC

Note:    2    Date: 11-21-2013   Time: 03:25:00   User: CRBG    Term: BTCH
LETTER 6137 WAS SENT TO MARIETTE MARZO


Note:    1    Date: 11-21-2013   Time: 11:36:26   User: CRBG    Term: LU32
SENT DEMAND LETTER ... SHANIKA


Note:         Date:              Time:            User:         Term:



Command
```